IN THE UNITED STATE DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MARK SELBY**<br>11040 Beach Street<br>Dexter, Michigan 48130<br><br>and<br><br>**LINDA SELBY**<br>11040 Beach Street<br>Dexter, Michigan 48130<br><br>      Plaintiffs,<br><br>vs.<br><br>**ROVER PIPELINE, LLC**,<br>*Serve:* CSC-Lawyers Incorporating<br>        Service (Company)<br>        601 Abbot Road<br>        East Lansing, Michigan 48823<br><br>and<br><br>**ET ROVER PIPELINE, LLC**<br>*Serve:* CSC-Lawyers Incorporating<br>        Service (Company)<br>        601 Abbot Road<br>        East Lansing, Michigan 48823<br><br>and<br><br>**PRECISION PIPELINE, LLC**<br>*Serve*: CSC-Lawyers Incorporating<br>        Service<br>        601 Abbot Road<br>        East Lansing, Michigan 48823 | Case No.<br><br><br>Judge<br><br><br>**COMPLAINT WITH JURY DEMAND ENDORSED HEREON**<br><br><br>Zachary J. Murry (P73565)<br>BARKAN & ROBON LTD.<br>1701 Woodlands Drive<br>Suite 100<br>Maumee, Ohio 43537<br>Phone:  (419) 897-6500<br>Fax:     (419) 897-6200<br>zmurry@barkan-robon.com<br><br>*Attorneys for Plaintiffs* |

and

**JOHN DOE SUBCONTRACTORS A-Z**
**[Real Names and Addresses**
**Unknown]**

      Defendants.

Now come Plaintiffs, by and through undersigned counsel, and hereby file their Complaint against Defendants Rover Pipeline, LLC, ET Rover Pipeline, LLC, Precision Pipeline, LLC, and John Doe Subcontractors A-Z, and in support of their claims, do hereby state and aver as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs are land owners and farmers owning and operating a blueberry farm in Dexter, Washtenaw County, Michigan.

2. This action arises from Defendants Rover Pipeline, LLC's, ET Rover Pipeline, LLC's, Precision Pipeline, LLC's, and John Doe Subcontractors A-Z's construction of the interstate natural gas pipeline known as the "Rover Pipeline. The path of the pipeline traverses western Washtenaw County, Michigan and, more specifically, crosses the property owned by the Plaintiff for more than 2,500 feet in length. Defendant Rover Pipeline, LLC commenced federal eminent domain proceedings against the Defendants and others in the U.S. District Court for the Eastern District of Michigan on February 3, 2017, in the case captioned *Rover Pipeline LLC v. 1.23 Acres of Land, More or Less, etc., et al.*, Case No. 2:17-cv-10365-MAG-MKM.

3. On Wednesday, March 8, 2017, the property owners reached a tentative agreement whereby Rover Pipeline, LLC would be granted immediate possession of the easements sought across Plaintiffs' property in order to commence pipeline construction activity.

All other issues in the federal litigation were reserved and no compensation has been agreed upon to pay Plaintiffs. A copy of the March 8, 2017, of the Stipulated Order is attached hereto as Exhibit 1.

4. The completion of the Rover Pipeline project promises to generate billions of dollars in revenue for Rover Pipeline, LLC.

5. Plaintiffs have not received any compensation whatsoever from any of the Defendants for giving up their property rights to Rover.

6. Following the commencement of construction activity on Plaintiffs' property in the Fall of 2017, Defendants Rover Pipeline, LLC, ET Rover Pipeline, LLC, Precision Pipeline, LLC, and John Doe Subcontractors A-Z flagrantly abused any easement rights obtained through the federal court proceeding and intentionally---and repeatedly---trespassed on the residue farm property of the Plaintiffs by conducting operations well outside of any easement area obtained. In this respect, Defendants have pumped water and waste material from the trenches Defendants dug for the installation of the pipeline onto areas outside of easement area.

7. Defendants Rover Pipeline, LLC, ET Rover Pipeline, LLC, Precision Pipeline, LLC, and John Doe Subcontractors A-Z have caused, and continue to cause, significant harm to the Plaintiffs and their property. As such, Plaintiffs were left with little choice but to seek the intervention of this Court.

## PARTIES

8. Plaintiffs Mark and Linda Selby are the record owners of certain real property located within the confines of Washtenaw County, Michigan. Certain portions of their property are subject to non-exclusive easements obtained by Defendant Rover Pipeline, LLC for the construction of its interstate pipeline. Copies of diagrams showing the non-exclusive easements

obtained by Rover over the Plaintiffs'' properties are annexed to the Stipulated Order attached hereto as Exhibit 1.

9. Defendant Rover Pipeline, LLC, is a limited liability company formed under the laws of the State of Delaware and is duly registered as a foreign limited liability company with the Michigan Department of Licensing and Regulatory Affairs. Defendant Rover Pipeline, LLC's principal place of business is the State of Ohio. Upon information and belief, the company's primary business purpose is the construction of the interstate Rover Pipeline, a substantial portion of which (internally identified by Rover as the "Market Segment") is located within the State of Michigan. Upon information and belief, at all times relevant hereto Rover Pipeline, LLC was responsible for **controlling, managing, supervising, and otherwise directing all activities associated with the construction of the Rover Pipeline**, inclusive of those activities occurring within the confines of Washtenaw County, Michigan, along with the activities causing substantial harm to Plaintiffs' real estate.

10. Defendant ET Rover Pipeline, LLC, is a limited liability company formed under the laws of the State of Delaware, is duly registered as a foreign limited liability company with the Michigan Department of Licensing and Regulatory Affairs, and has its principal place of business is the State of Ohio. Upon information and belief, the company's primary business purpose is the construction of the interstate Rover Pipeline, a substantial portion of which is located within the State of Michigan. Upon information and belief, at all times relevant hereto ET Rover Pipeline, LLC was responsible, along with Defendant Rover Pipeline, LLC, for **controlling, managing, supervising, and otherwise directing all activities associated with the construction of the Rover Pipeline**, inclusive of those activities occurring within the confines of Washtenaw County, Michigan.

11.     Defendant Precision Pipeline, LLC, is a limited liability company formed under the laws of the State of Wisconsin and is duly registered as a foreign limited liability company with the Michigan Department of Licensing and Regulatory Affairs. Upon information and belief, at all relevant times herein alleged, Precision Pipeline, LLC was engaged by Defendant Rover Pipeline, LLC to act as one of the primary contractors on the construction of the Rover Pipeline and, along with all subsidiaries, agents, assigns, Defendant Precision Pipeline, LLC, was responsible for the supervision, operation, and management of day-to-day construction activities on the pipeline.

12.     Defendants John Doe Subcontractors A-Z (fictitious-name designations of one or more individuals, partnerships, corporations, and/or other entities whose actual identities have yet to be determined) at all times relevant hereto were in the business of performing construction or other work associated with the installation of the Rover Pipeline in Washtenaw County, Michigan, and derived substantial revenue from these activities.

13.     Defendants Rover Pipeline, LLC, ET Rover Pipeline, LLC, Precision Pipeline, LLC, and John Doe Subcontractors A-Z shall be referred to herein individually by name or jointly as "Defendants."

14.     At all times alleged herein, Defendants include and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

15.     At all times herein mentioned, each of the Defendants was the agent, servant, partner, predecessors in interest, aider and abettor, co-conspirator and joint venturer of each of

the remaining Defendants herein and was at all times operating and acting with the purpose and scope of said agency, service, employment, partnership, conspiracy and joint venture.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over all claims asserted herein pursuant to 28 U.S.C. §1332(a)(1) in that Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interests and costs.

17. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(1) because a substantial portion of the acts and transactions constituting the basis for the claims alleged by Plaintiffs in this Complaint occurred in this judicial district and Defendants conduct business within this judicial district and receive, and will receive, substantial profits from said activity.

## FACTUAL ALLEGATIONS

18. Plaintiffs hereby incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

**A.   The Rover Pipeline Project**

19. A significant portion of the Rover Pipeline project, designated by the Defendant Rover Pipeline, LLC as the "Market Segment", is currently being constructed across Lenawee, Washtenaw, and Livingston Counties. Specifically, the current plans call for one (1) 42" diameter, high pressure natural gas pipeline, to enter the State of Michigan near Morenci, Lenawee County, and terminate in Livingston County where it will connect to existing pipeline infrastructure.

20. In order to obtain right-of-way for its project, on February 3, 2017, Defendant Rover Pipeline, LLC initiated appropriation proceedings against numerous Michigan property owners, including the Plaintiffs, in the U.S. District Court for the Eastern District of Michigan in

the case captioned *Rover Pipeline LLC v. 1.23 Acres of Land, More or Less, etc., et al.*, Case No. 2:17-cv-10365-MAG-MKM.

21. In regards to the Plaintiffs' properties, Rover has sought the appropriation of a 50' permanent non-exclusive easement as well as temporary easement space for use during construction.

22. Upon information and belief, Rover is working to expeditiously complete its pipeline project in order to "beat to market" a competing pipeline project known as the NEXUS Pipeline.

23. To that end, almost immediately after obtaining non-exclusive easement rights to the Plaintiffs' properties, Defendants mobilized construction activities and began the installation of the pipeline in both Ohio and Michigan.

24. Construction activity on Plaintiffs' properties occurred from approximately August 2017 through November 2017.

**B.     Defendants' Actions During Construction**

25. During the time that Rover was engaged in active construction activity on Plaintiffs' Washtenaw County properties, from August 2017 through November 2017, Defendants encountered rainfall and groundwater that resulted in a build-up of water in Rover's non-exclusive easement and dig sites.

26. In addition to this naturally occurring water, upon information and belief Rover also may have caused water to build up in the non-exclusive easement areas through its directional boring operations.  Directional boring is the means by which Rover tunnels under existing roadways in order to create a cavity for its pipeline.

27. Upon information and belief, lubricants utilized in the directional boring process often consist of water, bentonite clay, and other chemicals, including petroleum and lithium-based compounds.

28. In April 2017, during construction operations in Stark and Richland Counties in Ohio, Rover reported spills of nearly 2 million gallons of directional boring lubricant, resulting in violation notices from the Ohio EPA and causing irreparable harm to other property owners.

29. Confronted with water and, upon information and belief, other materials, in its non-exclusive easement, Defendants faced several choices with regards to construction activities on the Plaintiffs' properties: they could wait for the ground to dry---an option regularly utilized by contractors during construction projects; or they could de-water the easement area by pumping the water into trucks and hauling it away.

30. Instead of using either of the two (2) options, Defendants ultimately chose a third option. Beginning on or about August 28, 2017, and continuing through approximately November 10, 2017, Defendants de-watered the easement areas on Plaintiffs' properties by pumping the water and other liquid material **outside of the easement area** and onto the Plaintiffs' properties.

31. This action has resulted in significant flooding of the Plaintiffs' properties, all of which are currently utilized for commercial farming operations, including but not limited to the farming of blueberries.

32. In addition, the soil type on Plaintiffs' property consists largely of peat and muck soils. Peat and muck soils are a type of organic soil that is formed from the decomposition of plant materials in anaerobic conditions of thousands, or tens of thousands, of years. Upon

information and belief, natural processes require about 500 years to accumulate 30 cm of this organic soil.

33. Because muck soil and peat consist of a large amount of organic material, this soil type is vulnerable to sinking or degradation if not maintained through the use of appropriate drainage. The addition of thousands of gallons of storm runoff onto Plaintiffs' properties by the Defendants has, as will be proven at trial, caused significant and possibly irreparable damage to the soils thereon.

34. In de-watering its easement by pumping liquid onto Plaintiff's properties, Defendants have, upon information and belief placed their hoses and other materials **outside of the easement area, including the temporary easement areas, and physically upon the Plaintiffs' properties**.

35. Upon observing Defendants' actions, Plaintiffs objected to Defendants' conduct. However, and, in spite of Plaintiffs' objections and refusal to authorize Defendants to flood their properties, Defendants continued their conduct until at least October 29, 2017, with the resulting flooding of Plaintiffs' properties not abating until at least November 10, 2017.

36. Indeed, Defendants even went so far as to pump water from an adjacent property, not owned by the Plaintiffs, onto Plaintiffs' properties in order to de-water the easement area on that adjacent parcel.

37. Rover's conduct has resulted in damage to existing crops, including Plaintiffs' blueberry bushes and has caused the unnecessary and entirely preventable degradation of Plaintiffs' soil, i.e. the growing medium for the farming operation by which Plaintiffs' earn their livelihood.

38. Defendants' tortious conduct has and will result in the impairment of Plaintiffs' crops, their ability to use their land, and the degradation of the soil thereon, all of which will result in substantial economic damage to the Plaintiffs and will negatively impact the land for generations.

39. In addition, to the extent that Rover has, upon information and belief, contaminated Plaintiffs' land with horizontal drilling lubricant or other materials, Plaintiffs' have suffered, and will continue to suffer incalculable harm to their property and their property rights.

## COUNT I
### Trespass

40. Plaintiffs hereby incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

41. The Defendants' repeated dumping of storm and ground water and, upon information and belief, fluids utilized in Defendants' directional boring operations, onto the properties of the Plaintiffs constitute unauthorized intentional acts by the Defendants. Defendants have taken the attitude of "damn their torpedoes", "damn the casualties", and have proceeded **full steam ahead with their usurpation of Plaintiffs' property rights regardless of what the damages or consequences are to Plaintiffs' rights and properties.**

42. Furthermore, the Defendants, and each of them, either independently or through the actions of their agents, affirmatively entered onto Plaintiffs' properties in furtherance of the commission of these unauthorized intentional acts and usurpation of authority granted by the non-exclusive easements.

43. Defendants, and each of them, are therefore liable to each Plaintiff for their trespass onto Plaintiffs' respective real property in damages in an amount to be established at trial in excess of Seventy-Five Thousand Dollars ($75,000.00).

44. Furthermore, the Defendants' actions as described herein were willful and malicious in that the Defendants' conduct was carried out with a conscious disregard for the rights of Plaintiffs and thereby warrant an assessment of punitive damages to punish the Defendants for their egregious misconduct.

## COUNT II
### Nuisance

45. Plaintiffs hereby incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

46. The Defendants, while having easement rights pursuant to the U.S. District Court for the Eastern District of Michigan's Order, nonetheless still owe a duty not to create a nuisance on the Plaintiffs' properties which interferes with the Plaintiffs' use, possession, and enjoyment of their respective property rights outside of the easement area.

47. By various culpable acts and omissions of the Defendants, and by other unlawful uses of the easement area, including the negligent, reckless, and/or intentional maintenance of a condition and the dumping of storm, ground water, and, upon information and belief, directional drilling fluid, onto the Plaintiffs' properties beginning in early August 2017, the Defendants have caused and created, and are perpetuating, a condition that endangers and interferes with Plaintiffs' use, possession, and enjoyment of their legal rights.

48. Such acts, omissions, and uses described herein were of an unreasonable and/or unlawful character and were, are, and continue to be, undertaken without the consent or authority of the Plaintiffs.

49. The injuries and damage sustained by Plaintiffs' and their real property are separate and distinct from any injuries suffered by the public at large as a result of Defendants' abuse of Rover Pipeline, LLC's easement rights.

50. As a direct and proximate result of the Defendants' misconduct, the Plaintiffs, and each of them, have suffered damages in an amount to be proven at trial in excess of Seventy-Five Thousand Dollars ($75,000.00).

51. Furthermore, the Defendants' actions as described herein were willful and malicious in that the Defendants' conduct was carried out with a conscious disregard for the rights of Plaintiffs and thereby warrant an assessment of punitive damages to punish the Defendants for their egregious misconduct.

## COUNT III
### Negligence and Hazardous Waste

52. Plaintiffs hereby incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

53. In undertaking construction of the Rover Pipeline on easements running through the properties of the Plaintiffs, the Defendants, and each of them, owed certain duties of care to Plaintiffs including the duty to avoid undertaking actions that would damage Plaintiffs' property and the duty to avoid interfering with Plaintiffs' right to the quite enjoyment of their property.

54. Defendants, and each of them, breached their duties owed to Plaintiffs in the following ways:

    a. Pumping accumulated storm and ground water out of the easement area and dumping said water onto the property of the Plaintiffs;

    b. Upon information and belief, dumping fluid used as a lubricant utilized in directional boring operations and which contains bentonite and other materials potentially hazardous to the environment, onto the property of the Plaintiffs which could constitute hazardous waste;

  c. Conducting construction operations outside the easement area and beyond the authority provided to Defendants pursuant to Rover Pipeline, LLC's, Federal Energy Regulatory Commission Certificate of Public Necessity and Convenience; and

  d. Acting in a manner that was otherwise negligent, reckless, and/or evidencing a complete disregard for the property rights of the Plaintiffs.

55. As a direct and proximate result of the Defendants' negligent conduct, the Plaintiffs, and each of them, have suffered damages in an amount to be proven at trial in excess of Seventy-Five Thousand Dollars ($75,000.00).

## COUNT IV
### Tortious Interference with Business

56. Plaintiffs hereby incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

57. Plaintiffs' properties are all presently utilized for agricultural purposes, including use a blueberry farm.

58. These farming operations serve as the income source for the Plaintiffs.

59. At all relevant times herein alleged, Defendants had actual knowledge and/or should have known that the Plaintiffs' properties were utilized for a commercial and/or business purpose.

60. Defendants, and each of them, negligently, recklessly, and/or intentionally undertook action to tortuously interfere with Plaintiffs' respective businesses. Specifically, Defendants' actions in flooding Plaintiffs' properties have substantially impeded and/or negatively impacted Plaintiffs' abilities to utilize their respective properties for their intended

commercial purposes both now and in the future through the degradation of Plaintiffs' land and the soils thereon.

61. As a direct and proximate result of the Defendants' negligent conduct, the Plaintiffs, and each of them, have suffered damages in an amount to be proven at trial in excess of Seventy-Five Thousand Dollars ($75,000.00).

62. Furthermore, the Defendants' actions as described herein were willful and malicious in that the Defendants' conduct was carried out with a conscious disregard for the rights of Plaintiffs and thereby warrant an assessment of punitive damages to punish the Defendants for their egregious misconduct.

## COUNT V
### Declaratory Judgment-Breach of Easement

63. Plaintiffs hereby incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

64. In conducting construction operations outside of the proscribed easement area, including but not limited to pumping storm and ground water, and other materials, onto Plaintiffs' properties, Defendant Rover Pipeline, LLC has abused its easement rights, has acted well outside the scope of any authority granted to it by the U.S. District Court for the Eastern District of Michigan and/or the Federal Energy Regulatory Commission, and has breached the terms of any easement from the Plaintiffs.

65. Defendant Rover Pipeline, LLC's breach of the terms of any easement with the Plaintiffs has substantially interfered with the rights of the Plaintiffs to the use and enjoyment of their property rights.

66. Accordingly, Plaintiffs seek a declaratory judgment ordering that any easement on the servient tenements of the Plaintiffs for the benefit of Rover Pipeline, LLC and/or the other

Defendants in this action has been breached and for an award of Plaintiffs' reasonable fees and costs incurred in the maintenance of this action.

## Count VI
### Abuse of Power and Authority and Bad Faith

67. Plaintiffs hereby incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

68. Plaintiffs state that Defendant Rover Pipeline, LLC gains its authority to use its eminent domain power through the Federal Natural Gas Act. The purpose of that Act is to prevent interruption of pipeline and other services across various states within the United States.

69. Defendants have used and abused their **eminent domain power** beyond what was intended by Congress, have run roughshod over the rights of Plaintiffs as property owners, and have damaged, trespassed, abused, harmed, and contaminated property of Plaintiffs outside of the easement areas knowingly and/or negligently. Such actions are clearly an abuse of power by the Defendants and the very essence of bad faith.

70. As a direct and proximate cause of the Defendants' bad faith conduct, Plaintiffs have suffered, and will continue to suffer substantial harm.

## Count VII
### Punitive Damages

71. Plaintiffs hereby incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

72. All Defendants' acts were willful and malicious in that Defendants' conduct was carried out with a conscious disregard for rights of the Plaintiffs.

73. Defendants' conduct thereby warrants an assessment of exemplary and/or punitive damages against each Defendant and for each Plaintiff in an amount appropriate to

punish the Defendants and set an example of them well in excess of Seventy-Five Thousand Dollars ($75,000.00).

**WHEREFORE,** Plaintiffs pray that judgment be entered against the Defendants, jointly and severally, as follows:

A. On COUNT I, a judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and Plaintiffs' reasonable attorney fees associated therewith;

B. On COUNT II, a judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and Plaintiffs' reasonable attorney fees associated therewith;

C. On COUNT III, a judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and Plaintiffs' reasonable attorney fees associated therewith;

D. On COUNT IV, a judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and Plaintiffs' reasonable attorney fees associated therewith;

E. On COUNT V a declaratory judgment holding that Defendant Rover Pipeline, LLC has breached the terms of any easement on Plaintiffs' properties;

F. On COUNT VI, a judgment in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and Plaintiffs' reasonable attorney fees associated therewith;

H. On COUNT VII, an award of punitive and/or exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) per Plaintiff; and

I. For such other and further relief as this Honorable Court deems equitable, proper, and just.

Dated: January 8, 2018　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　BARKAN & ROBON LTD.


By: /s/Zachary J. Murry
　　Zachary J. Murry (P73565)
　　1701 Woodlands Drive
　　Suite 100
　　Maumee, Ohio 43537
　　Phone:  (419) 897-6500
　　Fax:    (419) 897-6200
　　zmurry@barkan-robon.com

　　*Attorneys for Plaintiffs*


## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: January 8, 2018　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　BARKAN & ROBON LTD.

By: /s/Zachary J. Murry
　　Zachary J. Murry (P73565)